**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 108194

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| James Jarolimek a/k/a James Frank, Barcroft Media Ltd., BWP Media USA Inc. d/b/a Pacific Coast News, and National Photo Group, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>The Hearst Corporation, Hearst Communications, Inc., and Hearst Newspapers LLC,<br><br>Defendants. | Docket No: 1:16-cv-00092-KPF<br><br>**COMPLAINT** |

James Jarolimek a/k/a James Frank ("Jarolimek"), Barcroft Media Ltd. ("Barcroft"), BWP Media USA Inc. d/b/a Pacific Coast News ("BWP"), and National Photo Group, LLC ("NPG") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against the defendants, The Hearst Corporation ("Hearst Corp."), Hearst Communications, Inc. ("Hearst Comm."), and Hearst Newspapers LLC ("Hearst Newspapers") (hereinafter collectively referred to as "*Defendants*"), state and allege as follows

1

## INTRODUCTION

1.      This action seeks to recover for copyright infringement. Plaintiff Jarolimek herein creates stock photography images and owns the rights to these photographs, which he licenses for various uses, including online and print publications. Plaintiffs Barcroft, BWP, and NPG herein provide entertainment-related photojournalism goods and services, and own the rights to photographs featuring celebrities that they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

2.      Defendants own and operate the following websites: www.seattlepi.com, www.timesunion.com, www.cosmopolitan.hu, www.chron.com, www.sfgate.com, and www.goodhousekeeping.com (hereinafter collectively referred to as the "*Websites*"). Without permission or authorization from Plaintiffs, Defendants actively copied, stored, modified, and displayed Plaintiffs' photographs on the Websites and engaged in this misconduct knowingly and in violation of United States copyright laws.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Hearst Corp. because Hearst Corp. is registered to do business in New York and thus has consented to New York personal jurisdiction, and because Hearst Corp. maintains its principal place of business in New York County, New York.

6. This Court has personal jurisdiction over Hearst Comm. because Hearst Comm. is registered to do business in New York and thus has consented to New York personal jurisdiction, and because Hearst Comm. maintains its principal place of business in New York County, New York.

7. This Court has personal jurisdiction over Hearst Newspapers because Hearst Newspapers regularly and systematically does business in New York; because Hearst Newspapers maintains one of its two principal places of business in New York; and because Hearst Newspapers purposefully directs substantial activities at the residents of New York by means of its New York-based and New York-circulated publications as well as the Websites described herein, and, therefore, falls under the applicable long-arm jurisdictional statutes of New York.

8. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

**PARTIES**

**I.  Plaintiffs**

9. Jarolimek is an individual who is a citizen of the State of Colorado and maintains a principal place of business in Larimer County, Colorado.

10. Barcroft is an international media content company based in London, England, that maintains an office in Kings County, New York.

11. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

12. NPG is a California limited liability company and maintains its principal place of business in Los Angeles County, California.

**II.  Defendants**

13. On information and belief, Hearst Corp. is a Delaware corporation that is registered to do business in New York and maintains its principal place of business in New York County, New York.

14. On information and belief, Hearst Comm. is a Delaware corporation that is registered to do business in New York and maintains its principal place of business in New York County, New York.

15. On information and belief, Hearst Newspapers is a Delaware limited liability company with principal places of business in Erie County, New York, and Washington, D.C.

**FACTS COMMON TO ALL COUNTS**

16. On information and belief, Defendants are liable and responsible to Plaintiffs based on the facts herein alleged.

17. Defendants are the registered owners and operators of the Websites and are responsible for their content.

18. The Websites are popular and lucrative enterprises that purposefully display celebrity, stock, and news photographs, including Plaintiffs' copyrighted photographs.

19. The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendants profit from these activities.

20. Without permission or authorization from Plaintiffs, Defendants volitionally selected, copied, modified, stored and displayed Plaintiffs' copyright-protected photographs (hereinafter collectively referred to as "*Photograph(s)*"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Websites.

21. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiffs' copyrights (hereinafter collectively referred to as the "*Infringement(s)*").

22. As is set forth more fully in Exhibit "1," each listed Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and, therefore, constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

23. Each listed Infringement in "Exhibit 1" is an exact copy of one of the

Plaintiffs' original images that was directly copied and stored by Defendants on one or more of the Websites.

24. Each Infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendants.

25. On information and belief, Defendants take an active and pervasive role in the content posted on their Websites, including, but not limited to, copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

26. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("*DMCA*") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

27. Defendants' conduct is not safe harbored by the DMCA in that none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

28. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were unaware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

29. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

30. Additionally, on information and belief, Defendants, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

(a) Defendants' employees and agents created, authored, posted, participated in and/or commented on articles, "threads" or postings featuring Plaintiffs' copyright-protected Photographs;

(b) Defendants' employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles and threads similar to and including those featuring Plaintiffs' copyright-protected Photographs;

(c) Some of the Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the image, thereby making Defendants' infringement willful as a matter of law.

31. Further, Defendants have the legal right and practicable ability to control and limit the infringing activities on their Websites and regularly exercised and/or had the ability to exercise such right, which, on information and belief, is evidenced by the following:

(a) Defendants' employees and agents had complete control over and actively reviewed and monitored the content posted on the Websites.

(b) Defendants admit that they monitor the content on their Websites.

(c) Defendants' employees and agents actively review, modify and delete or "cleaned" postings, articles and threads on their Websites.

32. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendants experienced increased traffic to their Websites and, in turn, realized an increase their advertising revenues, merchandise sales, brand awareness, readership base, and

sponsorship and partnership opportunities. *17 U.S.C. §512(c)(1)(B)*.

33. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

34. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

35. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

36. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Photographs are original, creative works in which Plaintiffs own valid copyrights properly registered or pending registration with the United States Copyright Office.

38. Plaintiffs have not licensed Defendants the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in their copyrights to Defendants.

39. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiffs, thereby violating Plaintiffs' exclusive rights in their copyrights.

40. Defendants' reproduction and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service*

*Co., Inc.*, 499 U.S. 340, 361 (1991).

41.     On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Websites.

42.     As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

43.     Plaintiffs repeat and incorporate each and every allegation contained in the preceding paragraphs as though set forth in full herein.

44.     At all material times hereto, on information and belief, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to exercise that right and ability in the instant case.

45.     For example, on information and belief, Defendants had the practicable ability to police the images on the Websites when their employees and agents edited, modified and interacted with the Photographs, and, therefore, had the right and ability to supervise and control the infringing Photographs.

46.     As a direct and proximate result of Defendants' refusal to exercise their right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiffs' Photographs, which, in turn, generates profits for Defendants directly from the use of the Infringements.

47. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to the Websites and from an increase in fees paid by sponsors.

48. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue, merchandise sales, brand awareness, Defendants' readership base, and sponsorship and partnership opportunities.

49. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

50. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## **THIRD COUNT**
*(Injunction Pursuant to 17 U.S.C. §502)*

51. Plaintiffs repeat and incorporate each and every allegation contained in the preceding paragraphs as though set forth in full herein.

52. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
### *(Attorneys' Fees and Costs Pursuant to 17 U.S.C. §505)*

53. Plaintiffs repeat and incorporate each and every allegation contained in the preceding paragraphs as though set forth in full herein.

54. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiffs' costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: January 6, 2016

                                         **SANDERS LAW, PLLC**

                                         /s/ Craig B. Sanders
                                         Craig B. Sanders, Esq. (CS4163)
                                         100 Garden City Plaza, Suite 500
                                         Garden City, New York 11530
                                         Tel: (516) 203-7600
                                         Fax: (516) 281-7601
                                         csanders@sanderslawpllc.com

                                         *Attorneys for Plaintiffs*
                                         File No.:108194